# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| HENRY WILLIAMS, Executive Director of the Michigan Gaming Control Board in his official capacity as Racing Commissioner of Michigan, | No. 2:25-cv-10191 |
| | HON. TERRANCE G. BERG |
| Plaintiff, | |
| v. | MAG. ELIZABETH A. STAFFORD |
| CHURCHILL DOWNS TECHNOLOGY INTIATIVES COMPANY (D/B/A TWIN SPIRES), | **PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c)** |
| Defendant. | |

Mark G. Sands (P67801)
Gerald A. Whalen (P44084)
Assistant Attorneys General
Attorneys for Plaintiff Exec. Dir. Williams
Alcohol & Gambling Enforcement Div.
MI Dept. of Attorney General
2860 Eyde Parkway
East Lansing, MI 48823
(517)241-0210

---

Patrick G. Seyferth (P47575)
Derek J. Linkous (P82268)
Bush Seyferth PLLC
Attorneys for Defendant
100 West Big Beaver, Suite 400
Troy, MI 48084
(248) 822-7800

---

**PLAINTIFF'S MOTION TO REMAND
PURSUANT TO 28 U.S.C. § 1447(c)**

Plaintiff, Henry Williams, Executive Director of the Michigan Gaming Control Board, in his official capacity as Racing Commissioner of Michigan, pursuant to 28 U.S.C. § 1447(c), moves this Court to remand this action to the State Circuit Court for Wayne County, Michigan, from whence it came, on the ground that this Court lacks subject matter jurisdiction over this action, as more fully explained in the accompanying brief.  Further, the Executive Director requests that this Court's order remanding this action require that Defendant Churchill Downs Technology Initiatives Company (D/B/A TwinSpires) pay just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Pursuant to L.R. 7.1, Counsel for the Executive Director sought concurrence in this motion and concurrence was denied.

<div style="text-align: right">

Respectfully submitted,

/s/ Mark G. Sands
Mark G. Sands (P67801)
Gerald A. Whalen (P44084)
Assistant Attorneys General
Attorneys for Plaintiff
MI Dept. of Attorney General

</div>

2

Alcohol & Gambling Enf. Div.
2860 Eyde Parkway, 2nd Floor
East Lansing, MI 48823
sandsm1@michigan.gov
whalenj@michigan.gov

Dated:  January 23, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2035, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ Mark G. Sands
Mark G. Sands (P67801)
Gerald A. Whalen (P44084)
Assistant Attorneys General
Attorneys for Plaintiff
MI Dept. of Attorney General
Alcohol & Gambling Enf. Div.
2860 Eyde Parkway, 2nd Floor
East Lansing, MI 48823
sandsm1@michigan.gov
whalenj@michigan.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY WILLIAMS, Executive
Director of the Michigan Gaming
Control Board in his official capacity
as Racing Commissioner of               No. 2:25-cv-10191
Michigan,

                                         HON. TERRANCE G. BERG
        Plaintiffs,

v.                                       MAG. ELIZABETH A.
                                         STAFFORD
CHURCHILL DOWNS
TECHNOLOGY INTIATIVES                    **BRIEF IN SUPPORT OF**
COMPANY (D/B/A TWIN SPIRES),             **PLAINTIFF'S MOTION TO**
                                         **REMAND PURSUANT TO**
        Defendant.                       **28 U.S.C. § 1447(c)**


Mark G. Sands (P67801)
Gerald A. Whalen (P44084)
Assistant Attorneys General
Attorneys for Plaintiff Exec. Dir. Williams
Alcohol & Gambling Enforcement Div.
2860 Eyde Parkway
East Lansing, MI 48823
(517)241-0210

_____

Patrick G. Seyferth (P47575)
Derek J. Linkous (P82268)
Bush Seyferth PLLC
Attorneys for Defendant
100 West Big Beaver, Suite 400
Troy, MI 48084
(248) 822-7800

_____

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND
PURSUANT TO 28 U.S.C. § 1447(c)**

/s/ Mark G. Sands
Mark G. Sands (P67801)
Gerald A. Whalen (P44084)
Assistant Attorneys General
Attorneys for Plaintiff
MI Dept. of Attorney General
Alcohol & Gambling Enf. Div.
2860 Eyde Parkway, 2nd Floor
East Lansing, MI 48823
sandsm1@michigan.gov
whalenj@michigan.gov

Dated:  January 23, 2025

# TABLE OF CONTENTS

Page

Index of Authorities ...................................................................... ii

Concise Statement of Issues Presented ................................... iv

Controlling or Most Appropriate Authority ............................ iv

Statement of Facts ........................................................................ 1

Argument ...................................................................................... 6

I.      The Executive Director's asserted claims do not arise from
        the Constitution, laws or treaties of the United States and,
        in fact, relate to the application and interpretation of the
        laws of the State of Michigan. ........................................... 6

II.     TwinSpires should be required to pay the Executive
        Director's Costs and Any Actual Expenses, Including
        Attorney Fees, Incurred as a Result of the Removal. ................... 11

Conclusion and Relief Requested ........................................... 13

Certificate of Service ................................................................ 14

# INDEX OF AUTHORITIES

<u>Page</u>

## Cases

*Beneficial Nat'l Bank v. Anderson,*
   539 U.S. 1 (2003) ...................................................................8

*Brierly v. Alusuisse Flexible Packaging, Inc.,*
   184 F.3d 527 (6th Cir. 1999) .................................................7

*Churchill Downs Technology Initiatives Company (d/b/a*
   *TwinSpires) v. Mich. Gaming Control Bd.*
   (Docket No. 25-cv-00047) (W.D. Mich) .................................6

*Harnden v. Jayco, Inc.,*
   496 F.3d 579 (6th Cir. 2007) .................................................7

*Horseman's Benevolent & Protective Ass'n-Ohio Div., Inc. v.*
   *DeWine,*
   666 F.3d 997 (6th Cir. 2012) ...............................................12

*Martin v. Franklin Capital Corp.,*
   546 U.S. 132 (2005) .............................................................11

*Mays v. City of Flint, Mich.,*
   871 F.3d 437 (6th Cir. 2017) .................................................7

*Monarch Content Mgmt. LLC v. Arizona Dep't of Gaming,*
   971 F.3d 1021 (9th Cir. 2020) .............................................12

*Roddy v. Grand Trunk W. R.R. Inc.,*
   395 F.3d 3183 (6th Cir. 2005) ...............................................8

*Sterling Suffolk Racecourse Ltd. Partnership v. Burrillville Racing*
   *Ass'n,*
   989 F.2d 1266 (1st Cir. 1993) ...............................................9

*Strong v. Telectronics Pacing Sys., Inc.,*
   78 F.3d 256 (6th Cir. 1996) ...................................................7

*Wilson v. Republic Iron & Steel Co.*,
  257 U.S. 92 (1921) ...................................................................................7

**Statutes**

15 U.S.C. § 3001 *et seq.* ...........................................................................8

15 U.S.C. § 3001(a)(1)................................................................................8

15 U.S.C. § 3002(3) ....................................................................................9

15 U.S.C. § 3004(a) ..................................................................................10

15 U.S.C. § 3007(c) ....................................................................................8

18 U.S.C. § 3002(11) ..................................................................................9

18 U.S.C. § 3004(a)(1)(3) ...........................................................................9

28 U.S.C. § 1447(c) ..................................................................................11

28 U.S.C.] § 1446(b) ...................................................................................7

Mich. Comp. Laws § 431.301, *et. seq.* ......................................................1

Mich. Comp. Laws § 431.308(1)(b) ............................................................1

Mich. Comp. Laws §§ 431.308(1)(c); (1)(d)(i)...........................................2

Mich. Comp. Laws § 431.310(1)(a) ............................................................2

Mich. Comp. Laws § 431.315(3)..................................................................1

Mich. Comp. Laws § 750.301 ......................................................................1

**Other Authorities**

Executive Order No. 2009-45.......................................................................1

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Defendant TwinSpires removed this case on the basis that Michigan's Horse Racing Law of 1995 was preempted by the Interstate Horseracing Act of 1978.  But the Act recognizes that each state has primacy over gambling that occurs within its state and requires Twin Spires to obtain Michigan's consent under Michigan law before TwinSpires accepts off-track wagers.  Should this Court remand this case back to the Wayne County Circuit Court, from whence it came, because it lacks subject matter jurisdiction?

2. An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. The removal in this case is based on TwinSpires' meritless assertion that Plaintiff's verified complaint is preempted by the Interstate Horseracing Act of 1978.  Where TwinSpires lacked an objectively reasonable basis for seeking removal, should this Court find that an award of just costs and actual expenses, including attorney fees, is appropriate?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:
28 U.S.C. § 1447(c)

Michigan's Horse Racing Law of 1995 (HRL), Mich. Comp. Laws. § 431.301 *et seq.*

Interstate Horseracing Act of 1978 (IHA), 15 U.S.C. § 3001 *et seq.*

*Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318 (6th Cir. 2005)

*Sterling Suffolk Racecourse Ltd. Partnership v. Burrillville Racing Ass'n*, 989 F.2d 1266 (1st Cir. 1993)

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)

## STATEMENT OF FACTS

In Michigan, gambling is prohibited unless specifically authorized by law. See Mich. Comp. Laws § 750.301. Wagering on horse racing is authorized by the Horse Racing Law of 1995 (HRL), Mich. Comp. Laws § 431.301, *et. seq.* Plaintiff Henry Williams is the Executive Director of the Michigan Gaming Control Board (Executive Director) and is the person authorized to license and regulate pari-mutuel wagering on the results of horse racing. See Executive Order No. 2009-45 (abolishing the Office of Racing Commissioner and the position of Racing Commissioner and transferring those powers and duties to the Executive Director).

Live or simulcast horse races with pari-mutuel wagering on the results of horse racing can be conducted only at a racetrack licensed under the HRL. Mich. Comp. Laws § 431.315(3). A race-meeting license is issued annually to persons to conduct live horse racing, simulcasting, and pari-mutuel wagering on the results of live and simulcast horse races at a licensed race meeting. Mich. Comp. Laws § 431.308(1)(b). An applicant for a race-meeting license must identify the licensed racetrack at which the proposed race meeting will be held.

1

Mich. Comp. Laws § 431.310(1)(a).  Third-party facilitator licenses are

issued to persons that have contracts with race-meeting licensees and

certified horsemens' organizations in the State of Michigan to facilitate

wagering on live and simulcast wagering at the licensed racetrack.

Mich. Comp. Laws §§ 431.308(1)(c); (1)(d)(i).

Northville Downs, LLC, previously held a race-meeting license

through December 31, 2024.  Defendant Churchill Downs Technology

Initiatives Company d/b/a Twin Spires (TwinSpires) has been licensed

as a third-party facilitator to assist Northville Downs by operating an

internet wagering operation for horse racing.  The contract between

TwinSpires and Northville Downs places Michigan law at the forefront:

> This agreement, including all matters of construction,
> validity, and performance, shall be governed, construed, and
> enforced in accordance with the laws of the State of
> Michigan.  The parties agree to comply with all Michigan
> laws, including, but not limited to, the Michigan Horse
> Racing Law of 1995, as amended, its rules, and orders of the
> Executive Director.  Venue of any action arising out of this
> Agreement shall be heard in an applicable state court of
> Michigan, and absent jurisdiction in such court, then in the
> applicable federal court of Michigan.

While seeking initial licensure in the State of Michigan, in a letter

to the office of the Executive Director dated September 3, 2020,

TwinSpires represented to the State of Michigan that it would not

accept wagers from persons located within the State of Michigan without a third-party facilitator license.  For each of the racing calendar years since its initial licensing in 2020, TwinSpires has applied for the renewal of its third-party facilitator license and has been approved.

Northville Downs applied for a 2025 race-meeting license at the proposed location of 1350 N. M-37 Hwy., Hastings, MI 49058—which was not a licensed racetrack.  On October 30, 2024, the Executive Director issued an order granting a 2025 race-meeting license and 2025 simulcast permit, conditioned on the granting of a track license at the Hastings location.  On September 23, 2024, an application for a new track license was received from Northville Downs, LLC.  As of this date, a final determination has not been made on the application for the Hastings location.  On November 26, 2024, TwinSpires applied for the 2025 renewal of its third-party facilitator license to operate internet wagering operations at the Hastings location.

Because the Hastings location has not been approved, on December 23, 2024, the Executive Director informed all licensed third-party facilitators to cease all account wagering with Michigan account holders on January 1, 2025, at 12:00 a.m.  On December 30, 2024, an

3

email was sent to all licensed third-party facilitators requesting written verification by January 3, 2025, that account wagering had ceased with Michigan account holders as of January 1, 2025.

In a letter dated December 31, 2024, TwinSpires notified the Executive Director that it was not going to cease its account wagering for Michigan accounts. As of January 1, 2025, at 12:00 a.m., TwinSpires was no longer in compliance with the HRL because it was accepting off-track wagers at a location that was not a licensed racetrack.

On January 3, 2025, the Executive Director responded to TwinSpires advising that if TwinSpires continued to conduct illegal internet wagering in Michigan, then TwinSpires would be in violation of Michigan law, and would subject itself to administrative, civil, and criminal penalties as well as jeopardize its future suitability for licensure.

On January 6, 2025, TwinSpires (by Corporate Counsel Andrew Silver) verbally advised the Executive Director during a Teams call/meeting that TwinSpires was continuing to accept pari-mutuel wagers from Michigan residents. When asked about the December 30,

2024 email request to verify that account wagering had ceased with

Michigan accounts holders as of January 1, 2025, Mr. Silver responded

that verification was contained in his December 31, 2024 letter in which

he advised that TwinSpires was not going to cease its account wagering

for Michigan accounts.

Based on TwinSpires' failure to comply with Michigan law, the

Executive Director issued an Order of Summary Suspension on January

7, 2025.  The Order of Summary Suspension ordered that TwinSpires'

third-party facilitator license was summarily suspended in accordance

with Mich. Comp. Laws §§ 431.307(3) and 24.292(2) and the matter was

filed with the Michigan Office of Administrative Hearings and Rules,

which scheduled a hearing for January 21, 2025.

Despite the summary suspension of its third-party facilitator

license, TwinSpires continues to flout Michigan law by offering and

accepting wagers from persons located in the State of Michigan.

Instead of complying with Michigan law governing its license,

TwinSpires sued the MCGB, Executive Director, and Attorney General

Dana Nessel in the United States District Court for the Western

District of Michigan on January 12, 2025.  *See Churchill Downs*

*Technology Initiatives Company (d/b/a TwinSpires) v. Mich. Gaming Control Bd.* (Docket No. 25-cv-00047) (W.D. Mich).

Because TwinSpires continued to accept illegal wagers, the Executive Director filed a Verified Complaint and Motion for Temporary Restraining Order/Preliminary Injunction and brief in support with the Wayne County Circuit Court to enforce the summary suspension that TwinSpires has ignored.

On January 21, 2025, TwinSpires filed a notice removing the Executive Director's case from the state circuit court for Wayne County, Michigan, to this Court. (ECF No.1, PageID.1, Notice of Removal). On January 22, 2025, TwinSpires filed a motion to transfer this case to the United States District Court for the Western District of Michigan. (ECF No. 4, PageID.28, Motion to Transfer).

## ARGUMENT

**I.    The Executive Director's asserted claims do not arise from the Constitution, laws or treaties of the United States and, in fact, relate to the application and interpretation of the laws of the State of Michigan.**

A defendant may remove a case to federal court only if that court had jurisdiction to hear the case in the first place. *Strong v.*

6

*Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 256 (6th Cir. 1996).  A

defendant who removes a case to federal court must establish federal

jurisdiction.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921);

*Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir. 2000).

"[R]emoval statutes are to be strictly construed, and 'all doubts should

be resolved against removal.'"  *Mays v. City of Flint, Mich.*, 871 F.3d

437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579,

581 (6th Cir. 2007)).  "[I]n the interest of comity and federalism, federal

jurisdiction should be exercised only when it is clearly established, and

any ambiguity regarding the scope of [28 U.S.C.] § 1446(b) should be

resolved in favor of remand to the [S]tate courts." *Brierly v. Alusuisse*

*Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Here, there is no question that the claims asserted in the

Executive Director's verified complaint in support of his emergency

motion for temporary restraining order and a preliminary injunction

relate to the application and interpretation of the HRL.  (ECF No. 1-1,

PageID.12, Pl.'s Verified Compl.).  He presents only a state claim.  "A

state claim may be removed to federal court in only two

circumstances—when Congress expressly so provides, or 'when a

federal statute wholly displaces the state-law cause of action through complete pre-emption.'" *Roddy v. Grand Trunk W. R.R. Inc.*, 395 F.3d 318, 322-23 (6th Cir. 2005) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

TwinSpires' claimed basis for federal jurisdiction is the Interstate Horseracing Act of 1978 (IHA), 15 U.S.C. § 3001 *et seq.* (ECF No.1, PageID.5-8, Notice of Removal, ¶¶ 10-16). Because the IHA does not expressly provide for removal,[1] TwinSpires is left to argue that the Executive Director's suit to enforce the summary suspension of its license under Michigan law is preempted by the IHA. This argument is overcome by the very first sentence of the IHA, which states that "the States should have the primary responsibility for determining what forms of gambling may legally take place within their borders." 15 U.S.C. § 3001(a)(1). As noted by the First Circuit Court of Appeals, the IHA "is a limited area of federal exercise of jurisdiction over an area primarily reserved to the states[.]" *Sterling Suffolk Racecourse Ltd.*

---

[1] In fact, claims under the IHA can be brought in either state or federal court. 15 U.S.C. § 3007(c).

*Partnership v. Burrillville Racing Ass'n*, 989 F.2d 1266, 1270 (1st Cir. 1993).

Moreover, the IHA applies to an "interstate off-track wager," which is limited to legal wagers under state law. An "interstate off-track wager" is defined as "a *legal wager* placed or accepted in one State with respect to the outcome of a horserace taking place in another State and includes pari-mutuel wagers, *where lawful in each State involved*." 15 U.S.C. § 3002(3) (emphasis added). And the IHA explains that, with certain exceptions, a prerequisite to accepting an off-track wager is "if consent is obtained" from "the off-track racing commission." 18 U.S.C. \§ 3004(a)(1)(3). The "off-track racing commission" is "that person designated by State statute or, in the absence of statute, by regulation, with jurisdiction to regulate off-track betting in that State[,]" 18 U.S.C. § 3002(11), which, in this case, is the Executive Director.

In turn, the Executive Director's decision to give that consent is governed by Michigan's HRL. Here, TwinSpires is disobeying an order summarily suspending the license it requested and obtained under the HRL. It is accepting wagers that are placed in Michigan without complying with the requirements of the HRL and, therefore, is acting

9

without the consent of the "off-track racing commission."  As such, the wagers are not "legal wagers" in this State, and TwinSpires is not entitled to the protections of the IHA.  Simply put, the IHA does not preempt state law, because TwinSpires' compliance with the HRL to obtain Michigan's consent to accept off-track wagers is a prerequisite to applicability of the IHA.

TwinSpires' assertion that the IHA preempts the mechanism by which Michigan authorizes off-track wagering is meritless.  Compliance with state law is the most fundamental requirement of conducting off-track wagering under the IHA.  Off-track wagering is permitted only where the host racing association, host racing commission, and off-track racing commission consent.  15 U.S.C. § 3004(a).  Michigan's consent is governed by the HRL, and the verified complaint alleges that TwinSpires is accepting off-track wagers in a manner contrary to the HRL.  There is no preemption justifying removal of this case, and this Court should remand this action to the state circuit court for Wayne County, Michigan, from whence it came.

## II.   TwinSpires should be required to pay the Executive Director's Costs and Any Actual Expenses, Including Attorney Fees, Incurred as a Result of the Removal.

"An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)).  As explained by the Supreme Court,

> [T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. . . .  In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.  For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." [*Id.* at 141 (citations omitted).]

In this case, there was no objectively reasonable basis for seeking removal.  As explained above, the IHA expressly recognizes that states have the authority to decide what gambling occurs within their borders. It also the "grants the host racing association, the host horsemen's group, the host racing commission, and the off-track racing commission

each an absolute veto over interstate off-track wagering." *Monarch Content Mgmt. LLC v. Arizona Dep't of Gaming*, 971 F.3d 1021, 1028 (9th Cir. 2020) (citing *Horseman's Benevolent & Protective Ass'n-Ohio Div., Inc. v. DeWine*, 666 F.3d 997, 1000-01 (6th Cir. 2012)). The verified complaint is an exercise of Michigan's "absolute veto" over TwinSpires' off-track wagering, based on TwinSpires' violation of the HRL and its flouting of an order summarily suspending its third-party facilitator license. TwinSpires' argument in favor of preemption is ridiculous given the express language in the IHA and history underlying its enactment.

TwinSpires lacked an objectively reasonable basis for seeking removal and, therefore, this Court should award the Executive Director just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, the Executive Director requests that this Court remand this action to the state circuit court for Wayne County, Michigan, from whence it came, on the grounds that this Court lacks subject matter jurisdiction over this action, and award costs and actual expenses, including attorneys' fees, incurred as a result of the removal.

Respectfully submitted,

/s/ Mark G. Sands
Mark G. Sands (P67801)
Gerald A. Whalen (P44084)
Assistant Attorneys General
Attorneys for Plaintiff
Alcohol & Gambling
Enforcement Div.
2860 Eyde Parkway
East Lansing, MI 48823
sandsm1@michigan.gov
whalenj@michigan.gov

Dated: January 23, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2025, I electronically filed the

above document(s) with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.

<div style="margin-left: 40%;">

/s/ Mark G. Sands
Mark G. Sands (P67801)
Gerald A. Whalen (P44084)
Assistant Attorneys General
Attorneys for Plaintiff
MI Dept. of Attorney General
Alcohol & Gambling Enf. Div.
2860 Eyde Parkway, 2nd Floor
East Lansing, MI 48823
sandsm1@michigan.gov
whalenj@michigan.gov

</div>

14