UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HENRY WILLIAMS, Executive Director of the Michigan Gaming Control Board in his official capacity as Racing Commissioner of Michigan,<br><br>   Plaintiffs,<br><br>v.<br><br>CHURCHILL DOWNS TECHNOLOGY INTIATIVES COMPANY (D/B/A TWIN SPIRES),<br><br>   Defendant. | No. 2:25-cv-10191<br><br>HON. TERRANCE G. BERG<br><br>MAG. ELIZABETH A. STAFFORD<br><br>**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S 1/22/2025 MOTION TO TRANSFER** |

---

Mark G. Sands (P67801)
Gerald A. Whalen (P44084)
Assistant Attorneys General
Attorneys for Plaintiff Exec. Dir. Williams
MI Dept. of Attorney General
Alcohol & Gambling Enf. Div.
2860 Eyde Parkway
East Lansing, MI 48823
(517)241-0210

---

Patrick G. Seyferth (P47575)
Derek J. Linkous (P82268)
Bush Seyferth PLLC
Attorneys for Defendant
100 West Big Beaver, Suite 400
Troy, MI 48084
(248) 822-7800

--- /

# **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S 1/22/2025 MOTION TO TRANSFER**

/s/ Mark G. Sands
Mark G. Sands (P67801)
Gerald A. Whalen (P44084)
Assistant Attorneys General
Attorneys for Plaintiff
MI Dept. of Attorney General
Alcohol & Gambling Enf. Div.
2860 Eyde Parkway
East Lansing, MI 48823
sandsm1@michigan.gov
whalenj@michigan.gov

Dated:  January 24, 2025

## TABLE OF CONTENTS

<u>Page</u>

Index of Authorities ................................................................................................ ii

Concise Statement of Issues Presented ................................................................. iii

Controlling or Most Appropriate Authority ......................................................... iii

Statement of Facts ................................................................................................... 1

Argument ................................................................................................................. 3

I.   The Motion to Transfer should be denied because this Court lacks jurisdiction over the Executive Director's state-law claim to enforce his order summarily suspending TwinSpires' state-issued Third-Party Facilitator license. ................................................................................... 3

Conclusion and Relief Requested ........................................................................... 7

Certificate of Service ............................................................................................... 8

i

# INDEX OF AUTHORITIES

Page

**Cases**

*Churchill Downs Technology Initiatives Company (d/b/a TwinSpires) v. Mich. Gaming Control Bd.*
(Docket No. 25-cv-00047) (W.D. Mich) .................................................................. 2

*Grimsley v. United Engineers and Constructors, Inc.*,
818 F. Supp. 147 (D. S.C. 1993) ............................................................................ 4

*Martin v. Stokes*,
623 F.2d 469 (6th Cir.1980) ................................................................................... 4

*Monarch Content Mgmt. LLC v. Arizona Dep't of Gaming*,
971 F.3d 1021 (9th Cir. 2020) ................................................................................. 5

*Pittock v. Otis Elevator Co.*,
8 F.3d 325 (6th Cir. 1993) .................................................................................. 4, 6

**Statutes**

15 U.S.C. § 3004(1) ..................................................................................................... 5

28 U.S.C. § 1404(a) ............................................................................................. 3, 4, 7

Horse Racing Law of 1995, Mich. Comp. Laws § 431.301, *et. seq.* ..................... 1, 5, 6

Interstate Horseracing Act of 1978, 15 U.S.C. § 3001 *et seq.* .................................. 5, 6

Mich. Comp. Laws § 24.292(2) ................................................................................... 2

Mich. Comp. Laws § 431.307(3) ................................................................................. 2

## CONCISE STATEMENT OF ISSUES PRESENTED

1. A case may not be transferred under 28 U.S.C. § 1404(a) to a district court that does not have jurisdiction. This case involves a state-law question, and the Interstate Horseracing Act of 1978 does not preempt state law. The Act recognizes state primacy over gambling within a state's borders, and the Act requires consent of each state—through compliance with its laws—as a prerequisite to conducting off-track wagering. Should the motion to transfer be denied?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

28 U.S.C. § 1404(a).

*Pittock v. Otis Elevator Co.*, 8 F.3d 325 (6th Cir. 1993)

Interstate Horseracing Act of 1978, 15 U.S.C. § 3001 et seq.

Horse Racing Law of 1995, Mich. Comp. Laws § 431.301, *et. seq.*

## STATEMENT OF FACTS

In each of its two filings in this Court, Defendant Churchill Downs Technology Initiatives Company, d/b/a TwinSpires (TwinSpires) suggests that the litigation between it and Henry Williams, Executive Director of the Michigan Gaming Control Board (Executive Director), began on January 12, 2025, when it filed a Complaint for Declaratory and Injunctive Relief in the United States District Court for the Western District of Michigan. But that is not accurate.

Under Michigan law, off-track wagering cannot be conducted unless there is a licensed racetrack. Because no racetrack has been licensed for 2025, the Executive Director informed all licensed third-party facilitators to cease all account wagering with Michigan account holders on January 1, 2025, at 12:00 a.m. In a letter dated December 31, 2024, TwinSpires notified the Executive Director that it would not comply with his directive, and as of January 1, 2025 at 12:00 a.m., TwinSpires was no longer in compliance with the Horse Racing Law of 1995, Mich. Comp. Laws § 431.301, *et. seq.* (HRL) because it was accepting off-track wagers when there was not a licensed racetrack.

1

Based on TwinSpires' failure to comply with Michigan law, the Executive Director issued an order on January 7, 2025, summarily suspending TwinSpires' third-party facilitator license in accordance with Mich. Comp. Laws §§ 431.307(3) and 24.292(2), and the matter was filed with the Michigan Office of Administrative Hearings and Rules, which scheduled a hearing for January 21, 2025.

Despite the summary suspension of its third-party facilitator license, TwinSpires continues to flout Michigan law by offering and accepting wagers from persons located in the State of Michigan. Instead of complying with Michigan law governing its license, TwinSpires sued the MCGB, Executive Director, and Attorney General Dana Nessel in the United States District Court for the Western District of Michigan on January 12, 2025. *See Churchill Downs Technology Initiatives Company (d/b/a TwinSpires) v. Mich. Gaming Control Bd.* (Docket No. 25-cv-00047) (W.D. Mich).

Because TwinSpires continued to accept illegal wagers after its license was suspended, the Executive Director filed a Verified Complaint and Motion for Temporary Restraining Order/Preliminary Injunction and brief in support with the Wayne County Circuit Court to

2

enforce the summary suspension that TwinSpires has ignored. TwinSpires representation that the Executive Director's Wayne County Circuit Court filing was in response to TwinSpires' complaint is clearly inconsistent with the facts that it omitted from its pleading in this Court.

On January 21, 2025, TwinSpires filed a notice removing the Executive Director's case from the state circuit court for Wayne County, Michigan, to this Court. (ECF No.1, PageID.1, Notice of Removal). On January 22, 2025, TwinSpires filed the instant motion to transfer this case to the United States District Court for the Western District of Michigan. (ECF No. 4, PageID.28, Motion to Transfer).

## ARGUMENT

I.  **The Motion to Transfer should be denied because this Court lacks jurisdiction over the Executive Director's state-law claim to enforce his order summarily suspending TwinSpires' state-issued Third-Party Facilitator license.**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). A transfer under this statute is inappropriate when the district court

3

lacks jurisdiction over the case. *See Pittock v. Otis Elevator Co.*, 8 F.3d 325 (6th Cir. 1993) (citing *Martin v. Stokes,* 623 F.2d 469 (6th Cir.1980)). Although *Pittock* specifically dealt with personal jurisdiction, the same principle logically applies to subject-matter jurisdiction. The transfer should not be granted here because the case should not "have been brought" in federal court at all; no federal court is an appropriate venue. Just as this Court lacks subject-matter jurisdiction, as discussed in the pending motion to remand, any other district court would be powerless to act in this case. *See Grimsley v. United Engineers and Constructors, Inc.*, 818 F. Supp. 147, 148 (D.S.C. 1993) (holding that "[w]hen the court lacks subject matter jurisdiction, it does not have the power to transfer pursuant to § 1404(a)").

On its face, the Executive Director's verified complaint relates to the application and interpretation of the HRL (ECF No. 1-1, PageID.12, Pl.'s Verified Compl.). Specifically, the Executive Director summarily suspended TwinSpires' third-party facilitator license that allowed it to accept off-track bets and brought the instant suit to enforce that order when TwinSpires continued to accept said wagers in defiance of his order.

4

TwinSpires alleges that the Executive Director's suit to enforce state law raises a federal question, claiming that the HRL is preempted by the Interstate Horseracing Act of 1978 (IHA), 15 U.S.C. § 3001 *et seq*. (ECF No.1, PageID.5-8, Notice of Removal, ¶¶ 10-16). But, as explained in detail in the Executive Director's Motion to Remand, TwinSpires' preemption theory is entirely meritless. (ECF No. 8, PageID.385-89, Motion to Remand).

The very first provision of the IHA recognizes that states have the primary authority to decide what forms of gambling to allow within their borders. 15 U.S.C. § 3001(a)(1). As a prerequisite to conducting off-track betting under the IHA, the law requires the consent of the host state's racing association, the host state's racing commission, and the state's off-track racing commission. 15 U.S.C. § 3004(1). As explained by the Ninth Circuit, the IHA gives Michigan "an absolute veto over interstate off-track wagering." *Monarch Content Mgmt. LLC v. Arizona Dep't of Gaming*, 971 F.3d 1021, 1028 (9th Cir. 2020) (citing *Horseman's Benevolent & Protective Ass'n-Ohio Div., Inc. v. DeWine*, 666 F.3d 997, 1000-01 (6th Cir. 2012)). The mechanism by which Michigan exercises that veto is, obviously, state law.

Here, TwinSpires refuses to conform its conduct to the requirements of Michigan law. As a result, Michigan withdrew its consent under the IHA and vetoed off-track wagering by TwinSpires when it summarily suspended TwinSpires' Michigan Third-Party Facilitator license. The Executive Director was forced to file the instant lawsuit to enforce that veto because TwinSpires continues to conduct off-track wagering that Michigan has not consented to.

TwinSpires' attempt to manufacture a federal question must fail, because the IHA plainly does not preempt the HRL. This Court lacks jurisdiction to hear the Executive Director's state-law claims and, therefore, it cannot transfer this case to the United States District Court for the Western District of Michigan—another court that would lack subject-matter jurisdiction. TwinSpires' motion to do so must be denied. *See Pittock*, 8 F.3d at 329; *Grimsley*, 818 F. Supp. at 148.

6

## CONCLUSION AND RELIEF REQUESTED

This Court lacks subject matter jurisdiction over the Executive Director's state-law claims.  Therefore, this Court cannot transfer this case to the Western District of Michigan under 28 U.S.C. § 1404(a).  As such, TwinSpires' motion to do so must be denied.

Respectfully submitted,

/s/ Mark G. Sands
Mark G. Sands (P67801)
Gerald A. Whalen (P44084)
Assistant Attorneys General
Attorneys for Plaintiff
Alcohol & Gambling
Enforcement Div.
2860 Eyde Parkway
East Lansing, MI 48823
sandsm1@michigan.gov

Dated:  January 25, 2025

7

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2025, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                              /s/ Mark G. Sands
                              Mark G. Sands (P67801)
                              Gerald A. Whalen (P44084)
                              Assistant Attorneys General
                              Attorneys for Plaintiff
                              MI Dept. of Attorney General
                              Alcohol & Gambling Enf. Div.
                              2860 Eyde Parkway, 2nd Floor
                              East Lansing, MI 48823
                              sandsm1@michigan.gov
                              whalenj@michigan.gov