UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **HENRY WILLIAMS**, in his official capacity as Racing Commissioner of Michigan, | **2:25-CV-10191-TGB-EAS** |
| Plaintiff, | HON. TERRENCE G. BERG |
| **v.** | |
| **CHURCHILL DOWNS TECHNOLOGY INITATIVES CO. (D/B/A TWINSPIRES)**, | **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER CASE TO THE WESTERN DISTRICT OF MICHIGAN (ECF NO. 4)** |
| Defendant. | |

Presently before the Court is Defendant's Motion to Transfer the above-captioned case to the Western District of Michigan, where a similar, earlier-filed case is pending. ECF No. 4. Plaintiff has objected to such transfer, ECF No. 9, and filed a Motion to Remand the case to the Wayne County Circuit Court. ECF No. 8. Subject-matter jurisdiction in this case is disputed; Plaintiff argues the Court cannot transfer the case because it lacks subject-matter jurisdiction and should remand it to state court, while Defendant argues this Court may transfer the case to the Western District of Michigan before resolving jurisdictional issues.

For the following reasons, Defendant's Motion to Transfer (ECF No. 4) will be **GRANTED**.

## I.   BACKGROUND

This case is a dispute between Defendant Churchill Downs Technology Initiatives Co. (doing business as TwinSpires), an off-track horseracing betting platform, and Plaintiff Henry Williams, Racing Commissioner of Michigan, regarding the ability of TwinSpires to accept wagers from Michiganders for out-of-state horseraces. Since Michigan has no racetrack currently operating in the state, TwinSpires accepts wagers from Michigan residents on races occurring in other states. ECF No. 12, PageID.436.

TwinSpires had been operating in Michigan for approximately a decade, when Michigan amended its Horse Racing Law ("HRL") to require entities like TwinSpires to apply for a "third-party facilitator" license to continue operating within the state. ECF No. 12, PageID.437 (citing to P.A. 2019, No. 153; Mich. Comp. Laws §§ 431.308(1)(d), 431.317(10)). Although TwinSpires allegedly asserted it did not need a state license to accept interstate wagers from Michigan residents under the federal Interstate Horseracing Act ("IHA"), it complied with Michigan's new licensing requirements by contracting with Northville Downs, which at the time was the only remaining racetrack in Michigan. *Id*. It also sent a letter to the Michigan Gaming Control Board on September 3, 2020, representing that it would not accept wagers from Michigan residents without such a third-party facilitator license. ECF No. 13-2, PageID.464.

But by 2025, Northville Downs had closed down. Plaintiff informed all licensed third-party facilitators, including TwinSpires, to cease all account wagering with Michigan account holders on January 1, 2025. ECF No. 8, PageID.382. Because TwinSpires continued to accept wagers from Michigan residents, Plaintiff summarily suspended TwinSpires' license on January 7, 2025 and scheduled a hearing for January 21, 2025 with the Michigan Office of Administrative Hearings and Rules. ECF No. 8. PageID.384. On February 12, 2025, Administrative Law Judge who conducted the Hearing issued a Proposal for Decision upholding the summary suspension of TwinSpires' license based on the violation of Michigan's HRL. ECF No. 13, PageID.455.

On January 12, 2025, TwinSpires filed a federal lawsuit against the Michigan Gaming Control Board, Executive Director Henry Williams (Plaintiff in the above-captioned case), and Attorney General Dana Nessel alleging that the federal IHA preempts Michigan's licensing requirements and seeking a preliminary injunction. *See Churchill Downs Tech. Initiatives Co. v. Mich. Gaming Control Bd.*, No. 25-00047 (W.D. Mich. Jan. 12, 2025).

On January 17, 2025, Plaintiff filed the present lawsuit against TwinSpires in Wayne County Circuit Court seeking to enforce its summary suspension order under state law. *See* ECF No. 1-1, PageID.12. Defendant filed a notice removing the case to this Court on January 21, 2025 pursuant to the IHA, ECF No. 1, and moved to transfer the case to

the Western District of Michigan the following day, ECF No. 4. Plaintiff moved to remand the case to state court on January 23, 2025. ECF No. 8. The motions are fully briefed.

## II.   LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). In civil actions where a federal court's jurisdiction is not based on the diversity of the parties, venue is proper in (1) any judicial district in which any defendant resides, or (2) any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. *See* 28 U.S.C. § 1391(b).

When considering a discretionary transfer of a civil case, district courts regularly consider the following non-exhaustive list of factors: "1) Convenience of the witnesses; 2) Location of relevant documents and the relative ease of access to sources of proof; 3) Convenience of the parties; 4) Locus of the operative facts; 5) Availability of process to compel the attendance of unwilling witnesses; 6) Relative means of the parties; 7) Forum's familiarity with governing law; 8) Weight accorded the plaintiff's choice of forum; and 9) Trial efficiency and interests of justice, based upon the totality of the circumstances." *Ouellette v. Michigan Dep't of Corr.*

*Parole Bd.*, 2024 WL 2787795, at *1 (E.D. Mich. May 30, 2024) (Berg, J.) (citing to *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000) (Gadola, J.)).

## III.   DISCUSSION

Defendant TwinSpires seeks to transfer the case to the Western District of Michigan pursuant to 28 U.S.C. § 1404(a) where a similar case—involving the same parties, the same operative facts, and the same legal issue about the preemptive force of the IHA—is already pending.

Plaintiff does not dispute that venue would be proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391. Instead, Plaintiff's argument against transfer—the same argument against removal—is that this Court and the transferee court (and any federal court, for that matter) lack subject-matter jurisdiction because the complaint only raises state law claims, which Plaintiff argues are not preempted by the IHA, such that the case could not "have been brought" in the Western District of Michigan.

Of course, to hear the merits of a case, a federal court must have subject-matter jurisdiction. But a district court may transfer a case to another district court without first resolving jurisdictional issues. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits."); *Rollenhagen v. Int'l Speedway Corp.*, No. 07-00818, 2007 WL 4324018, at *2 (W.D. Mich. Dec. 7, 2007) ("[O]n the

authority of *Sinochem,* this court has the discretion to rule on venue issues before considering any asserted lack of jurisdiction."); *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. 06-00025, 2007 WL 1845556, at *1 (D. Guam June 27, 2007) ("In *Sinochem,* the Supreme Court held that a district court can exercise its discretion to immediately consider a motion to transfer for convenience before taking up complicated [subject-matter or personal] jurisdictional issues."); *Pitt, McGehee, Palmer, Bonnani & Rivers, P.C. v. E. Point Tr. Co.*, No. 23-10166, 2023 WL 7924705, at *6–7 (E.D. Mich. Nov. 16, 2023) (Borman, J.) ("[R]ulings on transfer of venue . . . are not rulings on the merits, but rather 'a determination that the merits should be adjudicated elsewhere[.]'") (citing to *Sinochem Int'l Co.*, 549 U.S. at 431); *Nessel v. Enbridge Energy, LP*, 104 F.4th 958, 964 (6th Cir. 2024) ("Although federal courts must resolve questions of subject-matter jurisdiction before deciding a case on the merits, we have 'leeway to choose among threshold grounds for denying audience to a case on the merits.'") (citing to *Sinochem Int'l Co.*, 549 U.S. at 431).

Therefore, this Court may transfer the case to the Western District of Michigan—if it is in the interest of justice and convenience of the parties—without first resolving the dispute about subject-matter jurisdiction. If the Western District of Michigan finds it lacks subject-matter jurisdiction over the suit, it can "send [the] case back to the state court where it originated," that is, in this case, the Wayne County Circuit Court. *Reynolds v. Harris-Spicer*, No. 05-00527, 2007 WL 1657406, at *4

(W.D. Mich. June 7, 2007); *see also Fouad v. Milton Hershey Sch. & Sch. Tr.*, No. 19-00253, 2020 WL 5775018, at *13 (M.D. Pa. Sept. 28, 2020) (remanding a case from the Middle District of Pennsylvania to New York County Supreme Court for lack of subject-matter jurisdiction).

Finally, the Court notes that Plaintiff does not dispute that transfer to the Western District of Michigan would be in the interest of justice. Perhaps this is because it is clear that, when weighing all the relevant factors, transfer is warranted "when actions involving nearly identical parties and issues have been filed in two different district courts," such that "the court in which the first suit was filed should generally proceed to judgment." *Zide Sports Shop of Ohio, Inc. v. Ed Tobergate Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (internal quotation marks omitted). While this "first-filed" doctrine, which encourages comity among federal courts of equal rank, can be dispensed with when equity so demands, *id.*, here the interest of justice supports transfer to the district where the earlier case was filed.

Several reasons suggest that transfer is in the interest of justice. First, proceeding in both districts would create the possibility of inconsistent results being reached in cases involving the same parties, the same operative facts, the same issues, and the same central question of whether the federal IHA preempts Michigan's licensing requirement under the state HRL. *See Mayfield v. Boeing Co.*, 2007 WL 9683907, at *5 (M.D. Tenn. June 4, 2007) (noting that the risk of inconsistent results

weighed in favor of transfer); *Diversified Energy Co. PLC v. Inst. for Energy Econ. & Fin. Analysis*, 2023 WL 5831414, at \*7 (N.D. Ohio Sept. 8, 2023) ("Transfer will also alleviate the risk of inconsistent rulings and best serve the interests of judicial economy."); *Int'l Bhd. of Locomotive Eng'rs v. Consol. Rail Corp.*, No. 94-74457, 1994 WL 808075, at \*4 (E.D. Mich. Dec. 30, 1994) ("[T]he dispute in this case is one of national ramifications. Therefore, it begs for a single, definite ruling lest bargaining come to a halt due to potentially conflicting proceedings and edicts.").

Second, transfer would be in the interest of justice because "judicial economy is best served by litigating in front of one federal district judge rather than" two, so that judicial resources can be used to "obtain a single" result rather than multiple "duplicative" or "piecemeal decisions from multiple courts." *Bhd. of Maintenance of Way Emps. Div./IBT*, 2020 WL 4583366, at \*4 (E.D. Mich. Aug. 7, 2020) (Leitman, J.) (citing to *BMWED v. Union Pac. R.R. Co.*, 2020 WL 3571817, at \*10 (D. Neb. July 1, 2020)).

Finally, the parties and potential witnesses would benefit from the relative convenience of litigating the closely related matters in a single forum. And while the Court gives weight to Plaintiff's choice of forum, it notes that Defendant claims this later suit was in response to TwinSpires' earlier complaint as the plaintiff in a different forum. Indeed, Defendant contends that the Racing Commissioner's purpose in

filing suit in Wayne County Circuit Court was to "frustrate[ ] a forthcoming decision" from the Western District of Michigan on the earlier case. ECF No. 11, PageID.419–20; ECF No. 12, PageID.431.

Weighing all these factors, and considering that Plaintiff does not effectively rebut the reasons supporting transferring the case to the Western District of Michigan—other than the lack of subject-matter jurisdiction, which the transferee court can decide—the Court finds that judicial efficiency and consistency in the administration of justice strongly support transfer so that a single federal court will decide the issue.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer (ECF No. 4) is **GRANTED**. It is **ORDERED** that the above-captioned case shall be **TRANSFERRED** to the Western District of Michigan.

**SO ORDERED**.

Dated: February 13, 2025          /s/Terrence G. Berg
                                  TERRENCE G. BERG
                                  UNITED STATES DISTRICT JUDGE

9